UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                        Cr. File No. 07-226 (PAM/JJG)

                              Plaintiff,

v.                                                               **MEMORANDUM AND ORDER**

Kevin J. Morse,

                              Defendant.

---

This matter is before the Court on Defendant's Objections to and Appeal of two decisions made by Magistrate Judge Jeanne J. Graham: an Order on non-dispositive pretrial Motions and a Report and Recommendation ("R&R") on dispositive Motions, both filed October 25, 2007. The statute requires the Court to review for clear error the decisions of a magistrate judge on non-dispositive matters, 28 U.S.C. § 636(b)(1)(A), and to review de novo a magistrate judge's decisions on dispositive issues, id. § 636(b)(1). Having conducted the required review, the Court denies the appeal, overrules the objections, and affirms the Magistrate Judge in all respects.

**DISCUSSION**

   **A.     Defendant's Appeal**

   Defendant appeals from three decisions of the Magistrate Judge: (1) the denial of his Motion to disclose a copy of the signed indictment, (2) the denial of his Motion for disclosure of evidence from Joseph Saladino or the "Freedom and Privacy Committee" and from the

IRS, and (3) the decision to allow the Government to disclose Jencks Act material one business day before trial.

1.    Signed Indictment

Defendant contends that the Magistrate Judge erred by failing to order that he be provided with a copy of the signed indictment. Defendant does not specify why he needs a copy of the signed indictment in light of the Magistrate Judge's in camera review of the sealed indictment and her assurances that, indeed, the indictment was signed by both the attorney for the Government and the grand jury foreperson.

While it may be preferable for a criminal defendant routinely to be provided with a copy of the actual charging instrument against him rather than an unsigned copy, Defendant has cited no case requiring that a signed indictment be disclosed to a defendant. The Magistrate Judge determined that the Government had shown good cause why the signed indictment should not be provided to Defendant, and the Court finds no clear error in that decision. Defendant's appeal of that decision is denied.

2.    Evidence from Joseph Paladino, the "Freedom and Privacy Committee," and the IRS

Defendant contends that the Government should be compelled to disclose whatever evidence it obtained from Joseph Paladino and the "Freedom and Privacy Committee." According to Defendant, Mr. Paladino and the Committee prepared the tax returns for which Defendant now faces criminal liability. Thus, Defendant might assert a good-faith defense, "based in part on the information provided to him by Mr. Saladino and his employees."

(Def.'s Appeal at 4.)  However, if Mr. Saladino provided information to Defendant, that information would fall within the category of evidence the Magistrate Judge ordered the Government to disclose, namely any documents obtained from Defendant that originated from Mr. Saladino or the Committee.  (Order at 5.)  Defendant has offered no legitimate justification for the Court to order that other evidence from these entities be disclosed.  The Magistrate Judge's refusal to compel that disclosure is not clearly erroneous, and Defendant's appeal of that decision is denied.

Defendant also appeals the Magistrate Judge's refusal to compel disclosure of evidence from the IRS, including documents that it generated in response to Defendant's allegedly fraudulent tax returns, as well as copies of "IRS Policies and Guidelines" used in the investigation of Defendant.  The Magistrate Judge denied Defendant's Motion because Defendant failed to specify why these documents are relevant to his defense.  (See Order at 6.)  In his appeal, Defendant does not specify why he needs these documents, but instead states that "such evidence is relevant and material to the charge and elements of fraud." Moreover, Defendant notes that the Government has agreed to provide him with materials that the IRS generated in response to Defendant's tax returns.  Defendant's appeal of this decision is denied.

3.     Jencks Act Material

Finally, Defendant appeals the Magistrate Judge's decision that the Government need not disclose Jencks Act material until one business day before trial.  According to Defendant, disclosure one business day before trial will not give his counsel sufficient time to prepare

for trial.  The Jencks Act provides that material covered by the Act is not discoverable until after the witness in question has testified on direct examination.  18 U.S.C. § 3500(a).  Thus, Defendant is not entitled to any pre-trial discovery of that information.  One business day before trial is more than the Act requires.  Defendant's appeal is denied.

### B.    Defendant's Objections

Defendant objects to the Report and Recommendation in its entirety.  In particular, Defendant objects to the Magistrate Judge's denial of his motions: (1) to dismiss on estoppel and due process grounds, (2) to dismiss for lack of a signed indictment, (3) to dismiss the indictment or for disclosure of grand jury proceedings, (4) to suppress evidence from summonses, and (5) to suppress statements.  The Court has previously ruled that Defendant's objection to the lack of a signed indictment has no merit, and thus the Court will overrule that objection.

### 1.    Estoppel/Due Process

Defendant contends that the Magistrate Judge erred in declining to apply judicial estoppel to preclude the Government from bringing this criminal case against Defendant.  In 2003, Defendant brought a civil action against the Government seeking a declaration that certain wages were not taxable income.  The Government responded that because Defendant had not filed tax returns for the years for which he was seeking declaratory relief, the Court lacked jurisdiction over Defendant's claims.  Magistrate Judge Lebedoff agreed, finding inter alia that the Court lacked jurisdiction.  Judge Erickson subsequently dismissed the matter without comment.

The instant criminal matter is based on Defendant's allegedly fraudulent tax returns for the years 1996 to 2003, the same years as those involved in the civil matter. Defendant contends that the Government's representations in the civil matter that he had not filed tax returns should estop the Government from prosecuting him for these tax returns.

As the Magistrate Judge noted, it is doubtful that judicial estoppel can be applied against the Government in a criminal prosecution. Indeed, Defendant cites no case that has applied judicial estoppel to prevent the Government from bringing a criminal prosecution. Although the Court of Appeals for the Eighth Circuit has not definitively ruled that judicial estoppel is unavailable against the Government in a criminal prosecution, it has strongly signaled that such is the case. United States v. Grap, 368 F.2d 824, 830-31 (8th Cir. 2004); see also United States v. Honken, 378 F. Supp. 2d 928, 944 (N.D. Iowa 2004) (noting that Grap expressed "substantial doubt that judicial estoppel can be asserted against the government in the context of a criminal prosecution").

The Court finds persuasive the policy reasons for not applying the doctrine of judicial estoppel against the Government in this criminal proceeding. Defendant's Objections are overruled.

Defendant also argues that the Court must dismiss the indictment against him because the above-described conduct "is so outrageous and contrary to basic principles of fairness and governmental integrity that it violated [Defendant's] due process rights." (Obj. at 9.) Defendant compares his case to one in which the Government used contradictory theories to convict two different people of the same murders. Smith v. Groose, 205 F.3d 1045 (8th

5

Cir. 2000).  In that case, the appellate court found that the contradictory prosecution violated the criminal defendant's due process rights.  <u>Id.</u> at 1052.

The inconsistent positions of which Defendant complains do not rise to the level of those in <u>Smith v. Groose</u> and are not "outrageous" or "contrary to basic principles of fairness" as Defendant alleges.  Moreover, the Government has offered a legitimate, reasonable explanation for its inconsistent position in the civil litigation: Defendant's tax returns were filed at the end of 2002 and were not entered into the IRS computer system at the time the jurisdictional issue was litigated.  Defendant has failed to show that the Government violated his due process rights and his Objections on this basis are overruled.

2.    <u>Grand Jury Proceedings</u>

In his Objections, Defendant does not make any new argument as to why the grand jury proceedings should be disclosed.  As the Magistrate Judge stated, it is Defendant's burden to show a "particularized need" for the disclosure of grand jury proceedings.  (R&R at 8, citing <u>In re Grand Jury Investigation</u>, 55 F.3d 350, 354 (8th Cir. 1995).)  Defendant has failed to show any sort of particularized need, and his Objection on this basis is overruled.

3.    <u>Evidence from Summonses</u>

Defendant contends that the IRS obtained information from summonses in violation of 26 U.S.C. § 7602, and thus that the information obtained must be suppressed.  The R&R described Defendant's Motion to Suppress as challenging only the timing of the summonses and whether Defendant received notice of the summonses. The Motion itself challenged only the timing of the summonses.  Now, however, Defendant's Objections appear to challenge

the summonses on nearly every basis listed in the statute, including whether the summonses were issued for a proper purpose and whether the information sought by the summonses was within the IRS's possession before the summonses issued. (Obj. at 12.)

Defendant did not raise these substantive challenges to the summonses in his Motion to Suppress and he may not raise them for the first time here. Defendant cannot contend that the Magistrate Judge erred by failing to suppress evidence on a certain basis when he did not argue to the Magistrate Judge that the evidence should be suppressed on that basis.

Moreover, the challenges Defendant raised to the IRS summonses are without merit. The evidence shows that the IRS did not refer Defendant's case to the Department of Justice until 2006, nearly two years after the summonses issued. And the sworn statement of the IRS agent that Defendant was provided with notice of the summonses is enough to satisfy the Government's minimal burden under § 7602.

4.    Statements

The opening paragraph of Defendant's Objections states that he is objecting to the Magistrate Judge's ruling on the suppression of certain statements. The Objections do not mention that ruling, however. It is Defendant's burden to specify "those portions of the . . . recommendations to which objection is made." 28 U.S.C. § 636(b). Defendant has failed to meet that burden and any objection he has to the Magistrate Judge's recommendations on the suppression of statements is overruled.

**CONCLUSION**

For the foregoing reasons, and on all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Defendant's Appeal (Docket No. 67) is **DENIED**;

2.      Defendant's Objections (Docket No. 65) are **OVERRULED**;

3.      The Report and Recommendation (Docket No. 60) is **ADOPTED**; and

4.      The Order of October 25, 2007 (Docket No. 59) is **AFFIRMED**.


Dated: <u>November 28, 2007</u>

<u>s/ Paul A. Magnuson</u>
Paul A. Magnuson
United States District Court Judge