UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Cr. File No. 07-226 (PAM/JJG) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Kevin J. Morse, | |
| Defendant. | |

This matter is before the Court on Motions in Limine. The Government seeks to admit evidence of Defendant's prior conviction and seeks to exclude evidence of a letter from counsel regarding a discovery dispute. Defendant asks the Court to exclude evidence of his prior conviction.

**A.     Prior Conviction Evidence**

Rule 404(b) provides that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of . . . intent . . . ." Fed. R. Evid. 404(b). In 1999, Defendant was convicted after a jury trial before Judge Tunheim of filing false tax returns for the years 1991 to 1994. In the case now before the Court, Defendant is accused of filing false tax returns for the years 1996 through 2000. Defendant filed the allegedly false tax returns in 2002.

Evidence of other crimes is admissible if it is "(1) relevant to a material issue; (2) of crimes similar in kind and reasonably close in time to the crime charged; (3) sufficient to

support a jury finding that the defendant committed the other crimes; and (4) more probative than prejudicial." United States v. Yerks, 918 F.2d 1371, 1373 (8th Cir.1990).

Defendant argues that evidence of his prior conviction is irrelevant, is not similar in kind or close in time to the instant crime, and is more prejudicial than probative. The Government contends that the evidence establishes Defendant's willfulness, and rebuts Defendant's claim of good faith.

The evidence of Defendant's prior conviction clearly satisfies (1) through (3) of the Yerks test: it is a conviction for essentially the same conduct, it is close in time to the charged offense, and it is relevant to both Defendant's intent and his claimed good faith. Further, the Court determines that the probative value of the evidence of the prior conviction outweighs any prejudice to Defendant. Thus, the Court will grant the Government's Motion and deny Defendant's Motion.

**B.     Communications between Counsel**

The Government asks the Court to exclude a letter referenced in Defendant's exhibit list. Number 26 on Defendant's exhibit list is a letter dated November 15, 2007, from Assistant United States Attorney Robert Lewis, presumably addressed to Defendant's attorney. According to the Government, this letter discusses a discovery dispute between the parties.

Although the Court has serious doubts about the admissibility of communications between counsel, the ultimate decision on the admissibility of evidence is best left to trial. Thus, the Court will deny the Government's Motion on this point without prejudice.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Government's Motion in Limine (Docket No. 108) is **GRANTED in part** and **DENIED in part without prejudice**; and

2. Defendant's Motion in Limine (Docket No. 77) is **DENIED**.

Dated: February 20, 2008

                                                  s/Paul A. Magnuson
                                                  Paul A. Magnuson
                                                  United States District Court Judge